The opinion of the court was delivered by
Watkins, J.
On the 12th of September, 1889, the defendant •obtained an order of seizure and sale against plaintiffs, in the enforcement of a special mortgage securing the payment of three notes of $1260.60 each. On the 1st of November following the seized debtor enjoined the sale on the ground that the seizing creditor had granted time, and the proceedings were premature.
Under C. P. 741, the defendant in injunction obtained an order of court, ruling the plaintiff to summarily prove the truth of his averments, and on the trial of the rule his injunction was dissolved, and he has appealed.
The averments of the plaintiffs’ petition for injunction are substantially that, first, the seizing creditor entered into a written agreement with petitioner, in which he bound and obligated himself not to enforce the payment of said mortgage notes for a term of three years thereafter; second, that, subsequently, in order to induce a family meeting to consent to the institution of a partition suit against Mrs. Aladdin Broussard, as a co-proprietor of a plantation, owned in indivisión with the parties to said written agreement, the creditor reiterated his promise not to enforce his claim |for a period of three years, to the members of the family meeting when assembled.
The facts are substantially as follows, viz:
The Ravenswood plantation was owned in indivisión by Simon Abraham, Henry Tinney, Mrs. Aladdin Broussard and the minors Penouilh. All of the co-proprietors seemed anxious to get rid of *328 Mrs. Broussard on account of her alleged disinclination to keep the place in repair and suitable condition for cultivation; and on the 12th of September, 1888, they. entered into a written agreement stipulating that a suit “ shall be at once instituted against Mrs. Broussard * * for a sale of the whole of said plantation, to effect a partition; that Simon Abraham shall buy in the whole at a price to be agreed upon by and between us, and shall immediately after said sale sell back to us, the other signers hereto, our respective interests for a price equal to our respective indebtedness, plus our respective proportions of the costs and fees to effect said partition; said price to be paid in three equal instalments, maturing at one, two and three years, with 8 per cent, interest from date.”
On the 24th of September following a family meeting was convoked for the purpose of obtaining their advice and consent for the minors Penouilh to join in the institution of the partition suit contemplated in the agreement; and it is proven by a decided preponderance of the testimony that Simon Abraham expressed a willingness to grant the minors three years’ time to pay their indebtedness to him, if they •would consent that the minors be made parties to the proposed partition suit against Mrs. Broussard; and that upon due deliberation said meeting assented thereto.
The effect of the recommendation of the family meeting was to ratify and confirm the previous act of the tutor in signing the agreement.
To the reception of this parol testimony defendant’s counsel objected and excepted that it was merely explanatory of the written agreement and could not be legally introduced for such a purpose. We do not think so. The manifest object in view was to confirm the contract entered into by the tutor without authority; and the parol evidence was offered, for the purpose of showing what influences were employed by Simon Abraham to accomplish that result and that the meeting accepted and acted upon them. For this purpose the testimony was admissible, and the judge a quo properly ruled to receive it.
On the 15th of October, following — only two weeks subsequent to the family meeting — the three parties signing the agreement, including the tutor, instituted a partition suit against Mrs. Broussard, and on the 15th of December afterward judgment was rendered order *329 ing a sale of the common property to effect a division between the co-proprietors. This judgment was never executed.
But the record discloses that on the 18th of June, previous to the agreement, Simon Abraham obtained an order of seizure and sale-against the undivided interest of Mrs. Broussard in the plantation,, and that it was by the latter enjoined on the 16th of August, on the-substantial averment, that the notes and mortgage were executed by' her tutor during her minority, and by Abraham obtained by fraud, and collusion.
It further discloses that this injunction was dissolved on the 20th: of October, subsequent to the execution of said agreement, and oiv the 5th of January, 1889, the property went to sale, and was purchased by the seizing creditor, and Mrs. Broussard was dispossessed.. By this means the coveted object of Abraham was accomplished,, .and he did not attempt the execution of the judgment in the partition suit. Indeed, it was not susceptible of execution, because the interest of the only defendant in that suit had been sold, and it could serve no further purpose.
On this state of facts, counsel for the defendant insists that,, forsooth, the interest of Mrs. Broussard was not sent to sale under the judgment in the partition suit, and his client did not purchase* thereunder, but under his own judgment, nothing was accomplished' by the agreement and recommendations of the family meeting, and he is relieved of his obligation to extend the time for the payment of the minors’ indebtedness, and was entitled to proceed at the, time, and in the manner he did, to foreclose his mortgage.
The counsel, in his brief at page 4, says:
“The argument introduced in evidence * * * is & conditional’ one, the main consideration of which was the accomplishment of an entirely different object, to which the promise to give time was only incidental. The cause of that argument was the getting rid of Mrs. Broussard, one of the co-owners of the plantation,” and from this statement, the inference is clear, that as that end was accomplished by other means, albeit they were of Abraham’s own selection, the agreement was put at an end.
But the District Judge placed his judgment on a different ground:
“Had it been stipulated,” says he, “that Abraham should purchase this property at any price whatever, or had the price at which he was to buy it been fixed and determined, the contract would, in *330 my opinion, be one that could be enforced against him. At any rate, had the agreement contained such stipulations, I do not think that he could sue on the notes now in suit until such a time as it could be shown that he could comply with the agreement by buying in the plantation. * * * The evidence does not show that any fixed price was ever agreed upon between them as that at which Abraham should bid in the property, and therefore, in my opinion, the contract is inchoate, incomplete, and not susceptible of enforcement.”
In our view the counsel’s argument is a complete answer to the judge’s reasoning.
Abraham has acquired the property — by other means, it is true— and there no longer exists any question or contention as to the price he was to pay. That feature of the agreement has been eliminated by his own act, he having exercised his discretion, under which one of two judgments against Mrs. Broussard he would proceed to expropriate her interest in the common property. But the agreement does not fix definitely and specifically the price at which he was to sell-to other co-proprietors. It says:
‘ ‘ And Mr. Simon Abraham * * * shall, immediately after the said, sale, sell back to us, the other signers hereto, our respective interests, fora price equal to our respective indebtedness,” etc. (Italics ours.)
It must have been considered of little interest — as it evidently was — at what figure Abraham was to buy, inasmuch as the exact amount he was to sell to each, and the exact amount each was to pay, were fixed and stipulated in the agreement.
Nor in the light of subsequent events was it a matter of any consequence under what particular judgment Abraham should acquire the interest of Mrs. Broussard, or in what particular mode the minors’ respective interests in the common property were secured, so that the amount of their obligation to him should not be increased. The only other interest they had was in maintaining the stipulation deferring the time of payment, and to this we think they are entitled. Surely their tutor has in no way violated the agreement, but has steadily kept faith with Abraham, and united with him in ' obtaining a judgment against Mrs. Broussard in a partition suit. The. relative positions of the parties are just the same as though Abraham had purchased under that judgment and sold to the other co-proprietors. We are of opinion that the partition proceedings were only intended *331 to effect a sale in the event the injunction suit of Mrs. Broussard had terminated in her favor.. But it could not have been brought without making the minors parties. We think the defendant’s promise to give the plaintiffs time is in full force and vigor, and that he should be kept to his agreement.
It is therefore ordered, adjudged and decreed that the judgment appealed from be reversed, and it is now ordered and decreed that there be judgment in plaintiff’s and appellant’s favor, quashing and setting aside the defendant’s and appellee’s order of seizure and sale, and perpetuating plaintiff’s injunction, with cost against defendant and appellee in both courts.